UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER E. JOHNSON JR. (#104558)

VERSUS CIVIL ACTION

N. BURL CAIN, ET AL NUMBER 08-246-FJP-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 3, 2008.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA
2008 JUL -7 A 10: 18
BY DEPUTY CLERK

WALTER E. JOHNSON JR. (#104558)

VERSUS CIVIL ACTION

N. BURL CAIN, ET AL NUMBER 08-246-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Master Sgt. J. Bolden, and Master Sgt. K. Davis. Plaintiff alleged that he was injured when the transport vehicle in which he was a passenger negligently struck a perimeter post during a single vehicle collision.

Plaintiff filed this complaint on forms specifically intended for suits pursuant to 42 U.S.C. § 1983; however, the allegations of the complaint do not suggest any basis for federal question jurisdiction. 28 U.S.C. §§ 1331 and 1334.

Additionally, this court lacks diversity jurisdiction. District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332. For purposes of subject matter jurisdiction, the court generally looks to the complaint itself to determine what amount is in controversy. *Horton v. Liberty Mutual*

*Insurance Company*, 367 U.S. 348, 81 S.Ct. 1570, *rehearing denied*, 368 U.S. 870, 82 S.Ct. 24(1961).

It is clear from a review of the complaint that the parties lack diversity and that the plaintiff has failed to meet the requisite jurisdictional amount required by 28 U.S.C. § 1332.

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, July 3, 2008.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE